OPINION OF THE COURT
Minna R. Buck, J.
Respondent, by petition filed April 11, 1988, moved to vacate an order of filiation dated June 18, 1984, declaring him to be the father of the child Michael S., born on September 8, 1983 to Maureen S., the petitioner’s assignor. The order was based on a written and verified admission by respondent, dated April 13, 1984, that he was the father of the child. The order was granted without a hearing and apparently without notice to respondent, based on waiver of notice and hearing, also sworn to on April 13, 1984, which stated in its entirety the following:
"I, John J. M., hereby consent to the jurisdiction of the *1016 Family Court over this proceeding to Establish An Order of Filiation and I hereby waive service of the petition and notice of proceeding; and, I hereby request that the Onondaga County Family Court make its determination based solely on the papers before it.
"I have been duly informed by Joyce Larrison, who has identified herself to me as a Social Services Examiner who is employed by the Onondaga County Department of Social Services in the S.C.E.U., that I have the right to counsel, the right to blood tests and the right to testify if I so desire.
"I admit to the allegations of the foregoing petition attached and by my signing this form I understand that I agree to waive the right to counsel, the right to a blood test and the right to testify.
"I further waive my right to be personally served with a copy of the signed court order and in lieu of this I will accept receipt of the signed order by mail/certified mail at the following address: 8 Lincoln Drive N. Syracuse, NY 13212. ”
The order of filiation should be vacated. It appears from undisputed sworn testimony that respondent was under the age of 18 on April 13, 1984, and for this reason alone the admission and waivers — apparently taken without the advice of counsel and without the presence of respondent’s parent(s) or guardian — were legally insufficient as a basis for jurisdiction.
Further, the "notice” preceding the waiver which purported to advise the putative father of his rights is deficient in that it failed to inform him that he has the right to have counsel assigned free of charge if he is financially unable to obtain counsel (Family Ct Act § 262 [a] [viii]); that he has the right to cross-examine any witnesses called by petitioner; that he may not himself be compelled to testify (Family Ct Act § 531); and that by making such admission, he undertakes the obligation to contribute to the support of the child until the child reaches the age of 21 (Family Ct Act § 513).
In view of the foregoing, petitioner’s motions for blood tests and to restore the original paternity petition to the calendar for trial are hereby granted.