OPINION OF THE COURT
Karen K. Peters, J.
This matter originated as a Uniform Support of Dependents Law petition by the Ulster County Department of Social *438 Services for support of a female child born to Eliza Blake. Said petition has been transferred from Nassau County to Ulster County for all purposes pursuant to a transfer order signed by the Nassau County Hearing Examiner, Francis I. Griffin, dated February 6, 1989.
In response to said petition, respondent, William Glasgow, has moved to vacate the order approving the acknowledgement of paternity executed by him, upon which the petition for support is based. Respondent’s motion is based on the grounds that the petition fails to state a cause of action pursuant to CPLR 3211 (a) (7) because there is no order of filiation, and that respondent’s written acknowledgement of paternity was obtained in violation of his constitutional due process and statutory rights.
The approval was signed by Ulster County Hearing Examiner William D. Brinnier, III, on July 8, 1988. There is nothing in the record that indicates respondent received notice of the approval, although there is nothing in the statutes that require he receive such notice. It is significant, however, that Hearing Examiner Brinnier recused himself from this matter subsequently, on February 28, 1989, based on the fact that said Hearing Examiner previously represented petitioner mother, Eliza Blake, as a Law Guardian.
Furthermore, Social Services Law § 111-k (1) allows "the father, mother or other legal guardian of such child, or the child, [to] make a motion for relief from the acknowledgement of paternity within one year from the date of the written notice”. (Emphasis added.) The acknowledgement was signed by respondent on June 20, 1988. Thus, respondent has moved within the time restrictions of section 111-k of the Social Services Law.
Subdivision (1) of the said statute also provides that by acknowledging paternity, "the respondent waives his right to a hearing, to which he would otherwise be entitled, on the issues of paternity.” (Emphasis added.) This court does not have to reach the constitutionality of Social Services Law § 111-k, a statute which provides for lesser notice and fewer substantive warnings, while it subjects the respondent to all the other ramifications and responsibilities of paternity as if an order of filiation had been issued. (See, Matter of Department of Social Servs. v John M., 141 Misc 2d 1015.) Instead, this court will grant respondent’s motion based upon a strict interpretation of the statute as discussed below.
*439 While the acknowledgement of paternity herein advised respondent that he was giving up his right to a hearing, it did not go on to explain that the hearing would be on all issues of paternity. Furthermore, the approval of said acknowledgement is clearly vulnerable to attack, since it was approved by a Hearing Examiner who subsequently acknowledged that he previously represented the assignor, Eliza Blake. Respondent is moving to set aside the acknowledgement within the one year provided by section 111-k of the Social Services Law, which does not provide upon what grounds, if any, or what burden of proof respondent must meet in order to set aside such acknowledgement. Thus, it appears that any acknowledgement executed pursuant to section 111-k of the Social Services Law, section 516-a of the Family Court Act, and section 33 (5) of the Domestic Relations Law, is only enforceable within the first year of its execution, at the pleasure of the signatory. In other words, the statute allows a putative father to voluntarily acknowledge his paternity, be registered with the State Putative Father Registry, and be responsible for support in order to avoid the more burdensome, time-consuming, and costly procedure involved in a petition for paternity and order of filiation. However, since it eliminates the stricter, more comprehensive waiver of rights discussed in John M. (supra), it is fitting that it should be more easily set aside. Respondent’s argument that the petition fails to state a cause of action is without merit.
Therefore, based upon the foregoing, this court grants respondent’s motion vacating the acknowledgement of paternity and the approval thereof. Any support moneys paid prior to January 4 remain the property of Department of Social Services, and any moneys due and owing prior to January 4 remain the obligation of Mr. Glasgow.