OPINION OF THE COURT
Karen K. Peters, J.
This matter involves a request for confirmation of the Ulster County Family Court Hearing Examiner’s decision ordering a period of incarceration of the respondent pursuant to section 439 (a) of the Family Court Act.
*363 In reaching its decision, this court has examined the propriety of two customary practices of the Ulster County Family Court in connection with cases involving acknowledgments of paternity and agreements of support submitted to the Hearing Examiner by the Ulster County Department of Social Services: (1) the execution of orders by the Hearing Examiner approving such acknowledgments and/or ordering support without notice to the respondent, and (2) the use of official Family Court forms, in cases involving acknowledgments of paternity, that were designed for matters resulting from orders of filiation.
On June 29, 1987, the respondent, Wilbert D., executed an acknowledgment of paternity in connection with Nathaniel S. M., a male child born to Bridgett M. on April 6, 1987.
On July 16, 1987, the Department of Social Services filed a petition with the Ulster County Family Court for an approval of the acknowledgment of paternity pursuant to section 516-a of the Family Court Act. Respondent was never served with notice of this petition. Two days later, the Ulster County Family Court Hearing Examiner issued an order approving the acknowledgment of paternity, again, without any notice to respondent.
On October 15, 1987, the Department of Social Services filed a petition for modification of an order of filiation. (Docket No. P-203-87.) Said petition contained an allegation that an order of filiation "dated 7/14/87 was made” charging Wilbert D. with the support of Nathaniel M. There is no evidence that the petition for modification was ever served upon respondent. Moreover, respondent had never been the subject of an order of filiation, only the aforementioned acknowledgment of paternity.
Unfortunately, both the Department of Social Services and the Hearing Examiner of this court have been engaged in the practice of interchanging two significantly different procedures in establishing paternity. Any acknowledgment of paternity executed pursuant to section 111-k of the Social Services Law, section 516-a of the Family Court Act, and section 33 (5) of the Domestic Relations Law allows a putative father to voluntarily acknowledge his paternity, be registered with the State Putative Father Registry, and be responsible for support in order to avoid the more burdensome, time-consuming, and costly procedure involved in a petition for paternity and order of filiation. However, since it eliminates the stricter, more *364 comprehensive waiver of rights as discussed in Matter of Department of Social Servs. v John M. (141 Misc 2d 1015), it is fitting that it should be more easily set aside.
Section 111-k of the Social Services Law provides that the acknowledgment can be set aside within one year, however it does not provide upon what grounds, if any, or what burden of proof respondent must meet in order to set aside such acknowledgment. (See, Department of Social Servs. v Glasgow, 144 Misc 2d 437.)
The mislabeling and incorrect use of forms in this case is compounded by respondent’s being denied his due process rights. Every subsequent proceeding in connection with docket No. P-203-87 was without notice to respondent. Interestingly enough, on November 18, 1987, the petition for modification of an order of filiation requesting support for the first time for the child Nathaniel was dismissed due to the petition being withdrawn by the Department of Social Services.
On January 31, 1989, respondent executed a second acknowledgment of paternity in connection with a female child born to Bridgett M. on September 13, 1988, named Alicia M. Also on January 31, 1989, respondent executed an agreement of support, agreeing to be responsible for the support of Nathaniel and Alicia in the amount of $80 per week. Thereafter on February 17, 1989, the Department of Social Services again petitioned for approval of acknowledgment of paternity (docket No. P-46-89B). The respondent was never served with the petition. Nevertheless, on the very same day, the Hearing Examiner again issued an order approving the acknowledgment of paternity.
Once again, on March 6, 1989, the Department of Social Services petitioned for modification of an order of filiation by consent. This petition alleged that there was a paternity proceeding previously held in this court resulting in two separate orders of filiation charging Wilbert D. with the support of Nathaniel and Alicia M. It further stated that since the orders of filiation, a change in circumstances occurred in that respondent signed an agreement of support dated January 31, 1989. In addition to respondent not being served with the petition, the "change of circumstances” allegation is inaccurate in that the agreement of support was executed the same date as the acknowledgment of paternity, January 31, 1989. The order approving the acknowledgment of paternity was dated February 17, 1989.
*365 Nevertheless, the Hearing Examiner entered an order on March 13, 1989, modifying an order of filiation by consent by ordering "that the Order of Filiation herein, dated 7/14/87 & 2/15/89, be the same hereby is modified and amended as follows: to include the Agreement of Support dated January 31, 1989”.
Again, improper procedure was used in connection with an acknowledgment of paternity since the Department of Social Services was petitioning to modify an order of filiation, and moreover, the order granting the modification was similarly improper. There were never any orders of filiation entered in this case. Finally, the Department of Social Services filed a petition on April 3, 1989 against the respondent for alleged violation of a support order. Thus, we have a situation wherein on May 27, 1989 the respondent was personally served for the first time with a summons to appear in this court on June 26, 1989 for violating an order he had never been served with. Respondent failed to appear on the return date and the court adjourned the matter to July 10, 1989. The Hearing Examiner’s decision requesting confirmation of incarceration indicates that the Hearing Examiner or his staff provided further notice to the respondent "by communication of 6/27/89”. The record fails to define this communication.
Although respondent is suspect for not appearing on the initial return date after being personally served, this court in good conscience cannot approve a warrant to pick up the respondent nor confirm a period of incarceration due to the procedural errors made in this case. Before this court will issue a warrant to interfere with a respondent’s liberty, this court must be confident that the respondent’s due process rights have been observed and that he has received notice of each and every court order affecting him. Furthermore, the orders must be drafted properly and comply with the Family Court Act.
While section 111-k of the Social Services Law specifically provides that execution of an acknowledgment of paternity and/or an agreement of support constitutes a waiver of a right to a hearing and permits the submission of such document to the Family Court for approval, there is nothing in any relevant statute which authorizes the court to enter orders approving the acknowledgment of paternity or agreement to support without notice to the signatory. Nor is there any statutory authority to find that a signatory is bound to *366 comply with a court order without having received a copy of such order. Nowhere in the court’s record is there any indication whatsoever that Mr. D. was sent copies of the orders executed by the Hearing Examiner.
This court herewith advises the Department of Social Services and the Hearing Examiner that from this time forward, before this court will enforce any subsequent orders, the . putative fathers are to be personally served with a notice of the petition for approval of acknowledgment of paternity, and have the opportunity to appear on the return date. Moreover, the Department of Social Services and the Hearing Examiner should not interchange forms in connection with orders of filiation with proceedings involving acknowledgments of paternity. Similarly, notice must be provided to signatories to support agreements before a court order can enter.
Based upon the foregoing, the court declines to issue a warrant or confirm a period of incarceration against this respondent and remands this matter to the Hearing Examiner for further proceeding consistent herewith.